IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PENELOPE EDWARDS-CONRAD, M.D.,<br><br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action 7:13-CV-20 (HL) |

**ORDER**

On December 11, 2013, Plaintiff was ordered to sign two authorizations which would allow Defendant to obtain documents from The Lincoln National Life Insurance Company and Principal Financial Group. Plaintiff's counsel was ordered to deliver the signed authorizations to defense counsel no later than 5:00 p.m. on Tuesday, December 17, 2013. Plaintiff was warned that failure to sign the authorizations or deliver them in a timely manner would result in the dismissal of her complaint.

A telephone conference was held on December 19, 2013 with respect to the authorizations. Defense counsel raised concerns that the authorizations faxed to him by Plaintiff were not in compliance with the Court's order and that the authorizations would not be accepted by the insurance companies because of the commentary added to them by Plaintiff. Upon review of the documents, the Court agreed with defense counsel that the authorizations are not in compliance with the Court's order.

As stated during the telephone conference, Plaintiff's complaint is dismissed for failure to comply with the Court's order.

Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. The power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982). "Dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas County Sheriff's Dep't, 331 F.App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Because dismissal is considered a drastic sanction, a district court may only implement that sanction when: (1) a party engages in a clear pattern of delay or willful contempt; and (2) the district court specifically finds that lesser sanctions would not suffice. World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995). Both elements are satisfied here.

Plaintiff has been repeatedly warned about her conduct in this case. On April 11, 2013, Plaintiff was warned about her failure to participate in the preparation of the scheduling and discovery report. In October of 2013, Defendant moved for sanctions against Plaintiff for her failure to participate in discovery. A hearing was held on October 28, 2013 during which Plaintiff was warned in person by the Court that her case would be dismissed if there were any continued discovery problems.

However, the Court ended up in the middle of another discovery dispute when Plaintiff refused to sign the authorizations mentioned above. And Plaintiff has now failed to abide by the Court's latest order, under which she simply had to sign the authorizations. Instead she made a substantive change to one and added commentary to the papers stating that she was only signing them under duress. The Court finds that Plaintiff has engaged in a clear pattern of delay or willful contempt during the entirety of this case.

In addition, the Court has considered lesser sanctions, and based on Plaintiff's past conduct, the Court finds that no sanction other than dismissal will suffice in this case.

Plaintiff's Complaint is dismissed without prejudice pursuant to Rule 41(b). Defendant will be given the option of withdrawing its counterclaim and terminating the case. If Defendant chooses not to withdraw the counterclaim, that claim will move forward under the scheduling order currently in place. Defendant is ordered to inform the Court in writing no later than January 3, 2014 as to whether it will withdraw or pursue its counterclaim.

**SO ORDERED**, this the 20th day of December, 2013.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh